21-953-pr
*Animashaun v. Afify*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of February, two thousand twenty-two.

PRESENT:     JOSÉ A. CABRANES,
             GERARD E. LYNCH,
             DENNY CHIN,
                         *Circuit Judges.*

---

DAMILOLA ANIMASHAUN,

        *Plaintiff-Appellant,*                    21-953-pr

        v.

IMAM AFIFY, JEFF MCKOY,

        *Defendants-Appellees.*

---

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Damilola Animashaun, pro se, Towson, MD. |
| **FOR DEFENDANTS-APPELLEES:** | Kate H. Nepveu, Assistant Solicitor General, Barbara D. Underwood, Solicitor General, Andrea Oser, Deputy Solicitor General, *for* Letitia James, Attorney General, State of New York, Albany, NY. |

Appeal from orders and a judgment of the United States District Court for the Western District of New York (David G. Larimer, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders and judgment of the District Court be and hereby are **AFFIRMED**.

Damilola Animashaun alleges that two prison officials violated his constitutional Free Exercise rights in violation of 42 U.S.C. § 1983.  The District Court dismissed Animashaun's amended complaint as a sanction for misrepresenting his litigation history so that he could proceed *in forma pauperis* ("IFP") notwithstanding the statute's "three strikes" rule.  *See* 28 U.S.C. § 1915(g). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Our decision in *Shepherd v. Annucci*, 921 F.3d 89 (2d Cir. 2019), controls the outcome of Animashaun's appeal.  There, as here, the district court found that the plaintiff "acted in bad faith, ha[d] significant experience with the workings of the court, and ha[d] an extensive history with the IFP statute."  *Id.* at 98.  Accordingly, we hold here as we did in *Shepherd* that "the [D]istrict [C]ourt's sanction of dismissal was not an abuse of discretion."  *Id.*

We have reviewed all of the arguments raised by Animashaun on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the December 10, 2020, judgment, and the December 5, 2020, and January 28, 2021, orders of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court